Kenneth ABRAMS, et al., Plaintiffs,

v.

COMMUNICATIONS WORKERS
OF AMERICA, AFL–CIO,
Defendant.

Civ.A. No. 87–2816(RCL).

United States District Court,
District of Columbia.

May 12, 1999.

Hugh L. Reilly, Raymond John LaJeunesse, Jr., National Right to Work Legal Defense Foundation, Springfield, VA, for plaintiffs.

James Bryan Coppess, Communication Workers of America, Washington, DC, for defendant.

## MEMORANDUM ORDER

LAMBERTH, District Judge.

This case comes before the Court on defendant CWA's motion to amend this Court's order and judgment issued September 29, 1998. Upon consideration of the motion and the several memoranda in support of and opposition to it, the Court finds that the defendant has not satisfied the standard for reconsideration of an order, and the motion will be denied. However, the Court will amend the September order, sua sponte, in two narrow regards.

Defendant asks the Court to reconsider two aspects of its September 1998 ruling: (1) the scope of the retroactive notice and objection procedure, and (2) further proceedings on the issue of computation. With regard to the notice procedure, the CWA first makes essentially the same argument that it made at the summary judgment stage—that the Court must fashion some more narrow notice and objection procedure to protect the union from "opportunistic" objectors seeking a monetary windfall from the nunc pro tunc objection procedure. Second, the CWA argues that this Court should disregard the Court of Appeals' decision in light of the Supreme Court's recent decision in *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998). Third and finally, CWA argues that this Court misinterpreted the Court of Appeals' mandate when it ordered further proceedings on the computation claim. None of these arguments is persuasive in the context of a motion for reconsideration, and the motion is denied.

■ Defendant's motion to amend the order and judgment is brought under Federal Rule of Civil Procedure 59(e). It is now well established in this jurisdiction that the district court has the discretion to grant a Rule 59(e) motion if the court finds (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1057–58 (D.C.Cir.1998); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir. 1996). Defendant's arguments are made under the first and third of these possibilities.

■ First, CWA's argument that the Court should fashion a more narrow notice and objection procedure is not based on any new evidence or alleged change in controlling precedent. Therefore, it must rest on an assertion that the Court's September 1998 decision constituted a clear error or would work a manifest injustice. The Court finds neither to be the case. While the Court is persuaded by the defendant's memoranda that it would have acted within its discretion had it ordered a more narrow notice and objection procedure, the Court finds no compelling need to revisit the issue. The CWA does no more than re-assert its previous argument that it should not be subjected to the possibility that some unscrupulous class members might object nunc pro tunc to payment of full fees. Such a repetition of previous arguments, however strongly felt, cannot justify reconsideration. *See Amoco Prod. Co. v. Fry*, 908 F.Supp. 991, 994 (D.D.C. 1995), *rev'd on other grounds*, 118 F.3d 812 (D.C.Cir.1997).

■ CWA's second contention is that the Supreme Court's decision in *Marquez* is an "intervening change of controlling law," requiring the Court to reconsider its ruling and even disregard the Court of Appeals' decision insofar as it is inconsistent with *Marquez.* Even a passing reading of the Supreme Court's decision, however, shows that it does not control the issues before the Court and certainly does not justify an exception to the law of the case doctrine. The Supreme Court went to unusual lengths in the *Marquez* decision to limit the scope of its ruling, expressly disavowing any intention to reach notice issues:

> This case presents a narrow question: Does a union breach its duty of fair representation merely by negotiating a union security clause that tracks the language of [NLRA] § 8(a)(3)? ... [W]e are not deciding whether [the defendant] breached its duty of fair representation by failing to adequately notify petitioner of her rights under *Beck* and *General Motors....*
>
> ... To rephrase the question slightly, petitioner's claim is that even if the union has an exemplary notification procedure and even if the union enforces the union security clause in perfect conformity with federal law, the mere negotiation of a union security clause that tracks the language of the NLRA breaches the duty of fair representation. We hold that it does not.

*Marquez,* 119 S.Ct. at 299. It is abundantly clear that the Supreme Court intended the effect of its decision to be limited to the issue of contract negotiation, and it should not be seen as controlling the notice issues decided by the Court of Appeals and this Court in this case.[1] Likewise, the *Marquez* decision does not highlight any clear error or manifest injustice that may result from this Court's September 1998 decision. Conse-

quently, this argument does not satisfy the Rule 59(e) standard and must be rejected.

Third, CWA argues that further proceedings are not required on the computation issue because the union's procedures were upheld by the Court of Appeals. This, of course, is precisely the position argued unsuccessfully by the union at the summary judgment stage, and the Court need not revisit it now. The Court is fully aware that the need for further proceedings may require further time and expense by the parties and the Court.[2] However, particularly given the hazy state of the law on these issues, the plaintiffs' computation claims will be best considered with the benefit of a well-developed factual context.

■ Finally, defendant requests that, if the Court insists on ordering further proceedings on the computation issues, it be permitted to take an interlocutory appeal to the Court of Appeals under 28 U.S.C. § 1292(b). This request is denied, because the Court finds that an immediate appeal would not "materially advance the ultimate termination of the litigation." Plaintiffs' remaining computation claims are category-specific, "as applied" challenges involving mixed questions of fact and law that are properly and most effectively adjudicated (in the first instance, at least) before the district court. Any pronouncement by the Court of Appeals, however helpful, would have to be applied by this Court to the particulars of each claim, and an immediate appeal would only serve to further prolong this case.

Upon consideration of the various filings in this case, and for the reasons set forth above, the Court finds that the CWA has not shown an intervening change in controlling law, the availability of new evidence, or a need to correct a clear error or prevent manifest injustice, and the motion to amend the order and judgment is hereby DENIED. Likewise, defendant's request for certification of

---

1. This is not to say that the Supreme Court's analysis of the contract negotiation issue is irrelevant to the issues presented in this case. In fact, the Court's discussion of the "arbitrary, discriminatory, or in bad faith" standard may be helpful in this Court's consideration of the parties' arguments on the computation issues. *See Marquez,* 119 S.Ct. at 300–02.

2. The Court notes that the remaining computation issues may be particularly well suited to out-of-court resolution. If the appointment of a mediator would assist the parties, the Court would be willing to make such appointment upon a joint request.

an interlocutory appeal under 28 U.S.C. § 1292(b) is DENIED.

The parties submitted a Joint Report regarding the scheduling of further proceedings on November 10, 1998; a proposed order was not attached as required by Local Rule 206(d). The parties shall, within ten days of this date, file a joint proposed scheduling order, or separate orders if they cannot agree on a proposed schedule.

SO ORDERED.